REQUESTED BY: Senator Howard L. Peterson Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Peterson:
This is in response to your letter of May 20, 1981, concerning the constitutional validity of the notice provisions for the filing of a termination of notice of commencement under section 25 of LB 512.
Specifically under section 25(b) of LB 512, notice of a filing of a termination of a notice of commencement is required to be sent to all claimants who have specifically requested notice of the filing of such a termination. Under subsection (3) of this section, notice by publication is also required for three consecutive weeks. Your concern appears to be that such notice is not required to be sent to claimants actually known to the owner, but who have not filed a request for notice of termination, and for claimants, who under LB 512 may be precluded from filing such a request for notice. Apparently under section 14 of LB 512, which provides for the filing of a request for notice of termination by a claimant, subsection (5) indicates that this particular section applies only to claimants dealing with residential property owners. It does not appear to be certain, however, that this necessarily precludes a claimant from requesting such a notice of the filing of a termination in all other circumstances. In this regard your inquiry is whether these latter two categories of claimants are afforded `adequate due process' by the constructive notice of the filing of the termination, which in turn may adversely affect their ability to perfect a lien.
The right to obtain a construction lien is not absolute under LB 512, but exists `only to the extent provided in this act', as noted in section 10(1) of LB 512. To perfect a lien, a claimant must act within the time specified in this act, particularly under section 16 of this act. It appears that unlike the existing mechanics lien law, the burden under LB 512 is upon the potential lien holder to take the necessary steps to insure that all parties involved are adequately aware of the fact that he has not yet been paid for his goods or services, and thus are aware of the actual existence of potential lien liability so as to prevent the unjust situation in which an unwitting purchaser of residential property is suddenly subjected to liens for work or materials of which he had no direct knowledge, until after he has completed the payment of his contract with the prime contractor. While the purchaser of the residential property may have actual knowledge of the subcontractor or supplier, or in the situation in which the claimant may technically be unable to file a request for notice of the termination of commencement, that claimant nevertheless is aware upon the commencement of his work or the supplying of his materials, that there are certain requirements he must meet in order to be able to perfect his potential lien and should therefore act accordingly. In effect, the claimant is on notice from the very beginning as to what his rights are in this situation and that in any event he has only a limited time in which to perfect his lien rights. Whatever right the claimant has to perfect a lien are only those rights which have been granted to him by the Legislature under LB 512 and nothing more. In this regard there seems to be nothing improper in the Legislature requiring only constructive notice of the particular filing in this instance to be given to those claimants who have not taken advantage of the existing procedures for obtaining actual notice, or for that matter any claimants who have not actively pursued their particular claims.
There is no real correlation in this instance between the notice provisions afforded to potential lien holders and their subsequent ability to perfect that lien, and the due process rights involving the necessity for personal service or actual notice in judicial proceedings. Due process restrictions apply only to actions involving the state and add nothing to the rights of one citizen against another. The failure of an individual to perfect a lien against another within the prescribed period of limitations does not give rise to any such due process requirements.
In many respects the status of the lien claimant under section 25 of LB 512 is not unlike the status of a creditor in a probate proceeding under the Nebraska Probate Code. The only requirement of notice to creditors in a probate proceeding is through publication, even though a personal representative may have actual knowledge of the existence of a creditor of the estate, unless of course that creditor has filed a request for notice. It does not seem unreasonable to place the burden on a creditor in such a situation to perfect his potential claim, which may include the implied requirement that he keep himself abreast of the status of that claim by whatever means he has available. A claimant under LB 512 who acts diligently to perfect his lien rights will not be adversely affected in any event. It should also be noted that even though a claimant fails to perfect his lien rights, he still has a contractual claim against the prime contractor.
In this regard we see no constitutional improprieties in the constructive notice provisions as they apply to the filing of a notice of termination of commencement under section 25 of LB 512.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General